IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS C. SMITH,

                      Petitioner,                                  ORDER

     v.

                                                                    13-cv-337-wmc

MICHAEL MEISNER, Warden,
COLUMBIA CORRECTIONAL INSTITUTION,

                      Respondent.

       Petitioner Thomas C. Smith is presently incarcerated in the Columbia Correctional Institution in Portage, Wisconsin. Smith seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge one of his state court convictions. He has paid the filing fee and this case is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

       The pleadings show that Smith pled *nolo contendere* to first-degree sexual assault of a child in Waupaca County Case No. 03CF136, which reportedly alleged alternative theories of liability, including conspiracy pursuant to Wis. Stat. § 939.31. On May 23, 2005, the Waupaca County Circuit Court sentenced Smith to serve a total of 20 years in prison, followed by a 20-year term of extended supervision.

       Smith filed a post-conviction motion to withdraw his plea, arguing that he did not understand the nature of the conspiracy theory alleged in the criminal complaint. The circuit court denied that motion following an evidentiary hearing, finding that Smith understood at least one of the alternative theories asserted in the criminal complaint and that his plea was voluntarily entered.

       Smith challenged his plea further on direct appeal, arguing that it was not voluntarily and knowingly made with an adequate understanding of the state's conspiracy theory of liability.

The Wisconsin Court of Appeals rejected this argument and affirmed the conviction in an unpublished decision. *See State v. Smith*, 2010 WI App 19, 323 Wis.2d 276, 779 N.W.2d 723 (Dec. 23, 2009). The Wisconsin Supreme Court denied Smith's petition for review on March 9, 2010. Smith did not appeal further by pursuing a writ of certiorari with the United States Supreme Court, meaning that his conviction became final 90 days later on or about June 7, 2010. *See* SUP. CT. R. 13.1 (West 2013).

On April 21, 2013, Smith executed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and filed it with this court. As in state court, Smith contends that his plea was not voluntarily and knowingly entered with a full understanding of the conspiracy theory asserted in the criminal complaint.

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, Smith's time to seek review expired, and his conviction

became final for purposes of federal habeas review, on June 7, 2010. The one-year statute of limitations on federal review expired no later than June 8, 2011. Smith's pending petition, which he executed on April 21, 2013, is late by nearly two years. Therefore, the petition appears barred as untimely filed unless an exception applies.

There are statutory exceptions to the one-year limitation period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. See 28 U.S.C. § 2244(d)(1)(B)-(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Smith has not supplied information about the governing one-year statute of limitations in his petition and he does not indicate that any of these statutory exceptions apply.

An untimely petition also may be saved if grounds exist to equitably toll the limitation period. Equitable tolling of the limitation period may be warranted if "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 211 (2006). Because Smith has offered no explanation for his untimely petition, I

am directing him to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED THAT:

1. Petitioner Thomas C. Smith is directed to show cause, if any, by responding in writing **not later than June 21, 2013** why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Petitioner Smith is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 22nd day of May, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge